# CHARLESTON.

MARY E. BARNHARD *v.* SAMUEL E. BARNHARD *et al.*

. (No. 6586)

Submitted September 9, 1930.   Decided September 16, 1930.

*Georgia McIntire-Weaver,* for appellant.

LIVELY, PRESIDENT:

Mary C. Barnhard seeks, by injunction, to restrain the executors of her deceased husband's estate from selling personal property of the decedent amounting to $200.00, as well as certain live stock appraised at a value of $38.50, claimed by her to be exempt therefrom by law.

Plaintiff alleges that her husband, Samuel C. Barnhard, died testate in August, 1928, survived by plaintiff, 77 years of age, and six children, two of whom—the defendants in this proceeding—are the qualified executors of decedent's estate;

that the appraised value of the estate is $328.00; that decedent was indebted to divers persons at his death; that after the death of Samuel C. Barnhard, plaintiff claimed as exempt from the liabilities of decedent personal property belonging to him of the value of $200.00, a list of which property she sent to the executors, together with a claim of 2 hogs and a one-half interest in 27 chickens, necessary for her support until the distribution of the estate; that the executors had advertised decedent's personalty for sale on September 28, 1928.

On September 22, 1928, the lower court enjoined the executors from "selling the personal property of the decedent, Samuel C. Barnhard, of the total value of $200.00, claimed by the plaintiff under the provisions of section 23, chapter 41 of the Code."

At December Rules 1928, plaintiff filed an amended bill alleging her renunciation of the provision in decedent's will which permitted her to participate in decedent's estate to "the full amount which is allotted her by statute". The will is filed as a part of defendants' answer, wherein they aver that the personalty claimed to be exempt is in plaintiff's possession, except for a money order in the amount of $20.25 which is in possession of one of the executors; that said executors sold the hogs and chickens claimed by plaintiff because defendants were not enjoined from the sale thereof; but defendants deny that plaintiff is entitled, under the will of decedent or by statute, to the exemption of the property claimed by her or that the hogs and chickens were necessary for her support until the distribution of the estate.

On April 12, 1929, the lower court modified its injunction, decreeing: "The executors are permitted to sell and take into possession all of the personal property of the deceased except one-third thereof in value (after deducting the amount received from the sale of the hogs and one-half the chickens described in the bill) and the said enjoining order is left in full force and effect until the further order of the court as to one-third of the personal property of the decedent (exclusive of said hogs and chickens) but not to exceed in value Two Hundred ($200.00) Dollars, and said widow is given ten days

to designate in writing to the executors what property she claims and said one-third of the personal property when so designated in writing shall not be sold until the further order of this court.''

Plaintiff submits that there is error in the decree as modified because (1) the decree denies to plaintiff the $200.00 worth of decedent's personal estate and the live stock claimed by plaintiff to be necessary for her support until the distribution of the estate; and (2) the decree is indefinite and uncertain.

Chapter 41, section 27, Barnes' Code, provides that after the death of a husband, his widow may select personal estate of the deceased not exceeding $200.00 in ·value, and hold the same exempt from any liabilities of the decedent. Exemption statutes are essentially protective of widows and minor children, and do, as expressed by JUDGE BRANNON in *Burt* v. *Allen*, 48 W. Va. 154, 162, ''give them the bread of life and a pillow whereon to lay the head, to save them from destruction and absolute want.'' The statute is clear as to the right of the widow, whether the amount of her deceased husband's estate be $201.00 or ten times that amount. We are, therefore, of the opinion that she is entitled to have her exemption of $200.00 worth of personal estate, irrespective of the value of the personal estate above that sum.

We are next confronted with an interpretation of the modified decree to determine whether plaintiff has been denied the exemption given her by the above statute. Under the decree as modified, the executors were permitted to sell ''all the personal property * * * except one-third thereof in value (after deducting the amount received from the sale of the hogs and one-half the chickens)''. The injunction remained effective as to ''the one-third * * * (exclusive of said hogs and chickens) but not to exceed in value $200.00'', which was not to be sold until the further order of the court. A cursory reading of the decree might indicate that the court intended plaintiff to have $200.00 worth of decedent's personalty, but it does not necessarily mean that plaintiff was to have $200.00 in value allowed her by the exemption statute. To have effected the latter result, a modified decree would not have

been necessary. While the court does not so decree, the one-third portion of the personal estate, excepted from that which the executors were permitted to sell, presumably is plaintiff's allotment. If such presumption be correct, apparently the chancellor had in mind that plaintiff was entitled to a distributive share under chapter 78, section 9, which deals with the distribution of personal property after payment of funeral expenses and debts. That question, however, is not in issue, for plaintiff makes no claim thereto. Her right to one-third of the personal estate has no place in the decree. The pleadings warrant no such adjudication, and to inject it into the proceedings by decree is improper and has caused the terms of the decree and the intent of the chancellor to be vague, uncertain, and indefinite.

Plaintiff complains that she has been denied possession of the hogs and one-half interest in the chickens. The injunctive decree of September 22, 1928, made no provision pertaining to them, and the record does not show that plaintiff then excepted to the order of the court. The statute (chapter 85, section 14), bases the right of a widow to take live stock for her support until a distribution of her deceased husband's estate on *necessity*. Plaintiff avers and defendants deny that the live stock is necessary for the support of plaintiff. There is no evidence on that issue. Moreover, it is uncertain, from reading the modified decree if the chancellor has made any disposition of the question. If the chancellor intended to dispose of the matter at a future date, this Court cannot pass on questions on which the lower court has not acted. *Cameron* v. *Cameron,* 105 W. Va. 621.

For the reasons above stated, the modified decree of April 12, 1929, is reversed and set aside, and the decree of September 22, 1928, restraining and enjoining the defendants from selling the personal property of the decedent, Samuel C. Barnhard, of the value of $200.00, exempt by statute, is reinstated and perpetuated.

*Modified decree reversed and set aside;*
*original decree reinstated and perpetuated.*